**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT LOVENTHAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OXFORD LAW, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ROBERT LOVENTHAL, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, OXFORD LAW, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    ROBERT LOVENTHAL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to First Equity (hereinafter, "the Debt").

1

6.     The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     OXFORD LAW, LLC, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Illinois.  Defendant is registered as a Limited Liability Company in the State of Pennsylvania.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    ALLEGATIONS

14.     In June 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15.     Defendant and Plaintiff then engaged in a telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

16.     Plaintiff then informed Defendant that he was represented by an attorney with respect to the Debt.

17.     Plaintiff further told Defendant to contact his attorney regarding the Debt.

18.     Plaintiff then offered to provide Defendant with his attorney's name and telephone number.

19.     Defendant responded by asking Plaintiff why he had retained a lawyer.

20.     Defendant then asked Plaintiff multiple questions to ascertain why Plaintiff had retained a lawyer.

21.     Plaintiff responded by, again, offering to provide Defendant with his attorney's name and telephone number.

22.     During the course of the aforesaid telephone call, Defendant did not allow Plaintiff to provide Defendant with Plaintiff's attorney's name and telephone number.

23.     During the course of the aforesaid telephone call, Defendant refused to allow Plaintiff to provide Defendant with Plaintiff's attorney's name and telephone number.

24.     At no time prior to the parties ending the aforesaid telephone conversation was Plaintiff able to provide Defendant with his attorney's name and telephone number, due to no action or inaction on behalf of Plaintiff.

25.     On or about July 6, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the Debt.

26.     On or about July 6, 2012, Plaintiff engaged in a telephone conversation with a duly authorized representative of Defendant who identified himself as a manager at Defendant.

27.     Defendant then informed Plaintiff that it was aware of the contents of Plaintiff's previous telephone conversation with Defendant, as delineated above, and that it wanted to contact Plaintiff to "smooth things over."

28.     Plaintiff, for the second time, informed Defendant that he was represented by an attorney with respect to the Debt.

29.     Plaintiff then provided Defendant with his attorney's name and contact information.

30.     Plaintiff further reiterated his request that Defendant only communicate with his attorney relative to the Debt.

31.     Despite Plaintiff having provided Defendant with his attorney's name and contact information, immediately thereafter, during the course of the same telephone conversation, Defendant continued to attempt to collect the Debt from Plaintiff.

32.     Despite Plaintiff having requested that Defendant only communicate with his attorney relative to the Debt, immediately thereafter, during the course of the same telephone conversation, Defendant continued to attempt to collect the Debt from Plaintiff.

33.     During the course of the aforesaid telephone conversation, Defendant proceeded to ask Plaintiff multiple questions regarding Plaintiff's decision to retain an attorney relative to the Debt.

34.     Plaintiff is a lawyer.

35.     During the course of the aforesaid telephone conversation, Defendant asked Plaintiff why he retained an attorney to represent him relative to the Debt given that Plaintiff was a lawyer.

4

36.    Plaintiff told Defendant that all questions relative to the Debt should be directed to his retained attorney.

37.    Defendant then responded by telling Plaintiff that "since he was a lawyer it was disgraceful that he was not paying [the Debt]."

38.    During the course of the aforesaid telephone call, Defendant repeated to Plaintiff that he was a "disgrace" for not paying the Debt.

39.    Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

40.    The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

41.    The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

42.    In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.    Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

    b.    Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

    c.    Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    d.    Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

43. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

44. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT LOVENTHAL, by and through his attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00;

c.     Plaintiff's attorneys' fees and costs;

d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ROBERT LOVENTHAL**

By:    s/ David M. Marco
         Attorney for Plaintiff

Dated: August 17, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com